UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ELLIS, | Case No. 1:21-cv-01539-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS |
| v. | |
| SANTORO, *et al.*, | |
| Defendants. | (ECF No. 19) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Rudolph Ellis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 9, 2025, the Court issued a screening order finding that Plaintiff's first amended complaint states a cognizable claim against Defendants B. Gutierrez, A. Urquieto, and J. Rivera for excessive force for being pepper sprayed and against A. Flores for kicking Plaintiff in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief. (ECF No. 18.) Plaintiff was directed to file a second amended complaint or notify the Court in writing that he is willing to proceed only on the claims found cognizable in the first amended complaint, within thirty days. (*Id.*)

Currently before the Court is Plaintiff's motion for a sixty-day extension of time to respond to the Court's order, filed November 5, 2025. (ECF No. 19.) Plaintiff states that he did

1

1  not receive the Court's order until October 22, 2025, and he is currently on lockdown and has no
2  library access to conduct legal research or obtain copies.  Plaintiff has sent in a request to obtain
3  law library access but has yet to receive a response to receive access to make the November 7,
4  2025 deadline.  Plaintiff requests a 60-day extension of time to conduct research, receive
5  assistance from jailhouse lawyers, obtain copies, be granted adequate law library access, and
6  respond to the Court's order.  Plaintiff is required to show proof of law library time needed.  The
7  60-day extension would give Plaintiff time to receive a document from the Court to show proof,
8  obtain access as a priority law library user and prevent any delay in case of possible lockdowns.
9  Plaintiff will attempt to complete the order prior to the 60-day request.  (*Id.*)

10       Having considered the request, the Court finds good cause to grant, in part, the requested
11  extension of time.  Fed. R. Civ. P. 6(b).  However, the Court finds that an extension of thirty days,
12  rather than sixty, is reasonable under the circumstances.

13       Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a),
14  but it must state what each named defendant did that led to the deprivation of Plaintiff's
15  constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true,
16  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
17  level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

18       Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
19  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
20  "buckshot" complaints).

21       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
22  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
23  complaint must be "complete in itself without reference to the prior or superseded pleading."
24  Local Rule 220.

25       Accordingly, it is HEREBY ORDERED that:
26    1. Plaintiff's motion for extension of time, (ECF No. 12), is GRANTED IN PART;
27    2. The Clerk's Office shall send Plaintiff a complaint form;
28  ///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

    a. A second amended complaint curing the deficiencies identified by the Court's October 9, 2025, screening order; or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on his claims against Defendants B. Gutierrez, A. Urquieto, and J. Rivera for excessive force for being pepper sprayed and against A. Flores for kicking Plaintiff in violation of the Eighth Amendment; and

4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order**.

IT IS SO ORDERED.

Dated: **November 6, 2025**     /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE