# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ELLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SANTORO, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-01539-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF Nos. 21, 22)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Rudolph Ellis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 9, 2025, the Court screened the first amended complaint and granted Plaintiff leave to file a second amended complaint or notify the Court in writing that he is willing to proceed only on the claims found cognizable in the first amended complaint, within thirty days. (ECF No. 18.) Following an extension of time, Plaintiff's second amended complaint or notice were due on or before December 9, 2025. (ECF No. 20.)

Currently before the Court are Plaintiff's motions for extension of time to file an amended complaint, filed on December 15 and December 16, 2025. (ECF Nos. 21, 22.) Plaintiff first requested an extension of 7 days to file his amended complaint because he needed to access the law library to obtain copies and to obtain assistance from his jailhouse lawyer. (ECF No. 21.) Plaintiff then requested an extension of 10 days after his facility was placed on a series of

1 lockdowns, prevent Plaintiff from accessing the law library to obtain copies or to receive
2 assistance from the jailhouse lawyer helping Plaintiff.  (ECF No. 22.)

3   Having considered the requests, Plaintiff has shown good cause for the requested
4 extension of time.  Fed. R. Civ. P. 6(b).  The Court finds that in order for Plaintiff to receive the
5 Court's order and respond, an extension of thirty days is appropriate under the circumstances.

6   Plaintiff is reminded that his second amended complaint should be brief, Fed. R. Civ. P.
7 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's
8 constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true,
9 the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
10 level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

11   Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
12 claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
13 "buckshot" complaints).

14   Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
15 *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
16 complaint must be "complete in itself without reference to the prior or superseded pleading."
17 Local Rule 220.

18   Accordingly, IT IS HEREBY ORDERED that:

19   1. Plaintiff's motions for extension of time, (ECF Nos. 21, 22), are GRANTED;
20   2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:
21     a. A second amended complaint curing the deficiencies identified by the Court's
22        October 9, 2025 screening order; or
23     b. Notify the Court in writing that he does not wish to file a second amended
24        complaint and he is willing to proceed only on his claims against Defendants B.
25        Gutierrez, A. Urquieto, and J. Rivera for excessive force for being pepper sprayed
26        and against A. Flores for kicking Plaintiff in violation of the Eighth Amendment;
27        and
28 ///

3. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 16, 2025**          /s/ *Barbara A. McAuliffe*          
                                         UNITED STATES MAGISTRATE JUDGE