**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDOLPH ELLIS, | No. 1:21-cv-01539 JLT BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 34) |
| K. SANTORO, *et al.*, | |
| Defendants. | |

Rudolph Ellis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On April 27, 2026, the magistrate judge issued findings and recommendations that this action proceed on Plaintiff's second amended complaint, filed January 20, 2026, for Eighth Amendment violations as follows: (1) for excessive force against J. Rivera, John Doe, A. Urquieta, L. Garnica, J. Ochoa, A. Flores, B. Gutierrez, and J. Jimenez for the force used outside the shower, after Plaintiff was pepper sprayed, (2) for excessive force against A. Flores for kicking Plaintiff in the scrotum, (3) for deliberate indifference to medical care for failure to decontaminate and assist Plaintiff after the alleged beating outside of the shower, against J. Rivera, John Doe, A. Urquieta, L. Garnica, J. Ochoa, A. Flores, B. Gutierrez, and J. Jimenez, and that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (Doc. 29.) The Court served the findings and recommendations on Plaintiff and informed him that any objections were due in 14 days. (*Id.*) The Court also warned Plaintiff that failure to file timely objections may result in the waiver of the "right to challenge the

1

magistrate's factual findings" on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file timely objections. Accordingly, on May 29, 2026, the Court adopted the findings and recommendations. (Doc. 30.)

Currently before the Court are Plaintiff's objections to the magistrate judge's findings and recommendations, filed on June 1, 2026. (Doc. 34.) Plaintiff's objections, dated May 21, 2026, are untimely. However, as Plaintiff is proceeding *pro* se, the Court will construe the untimely objections as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion for reconsideration provides no grounds for overturning the Court's order under Rule 60. Plaintiff objects to the dismissal of (1) supervisor liability, (2) medical deliberate indifference, (3) failure to protect/intervene, (4) conditions of confinement, (5) false reports, (6) no rights to appeal/particular investigation, (7) due process, and (8) conspiracy. (ECF No. 34 at 1.) However, Plaintiff fails to state the basis of his objections, indicating only that the objections serve as a preservation of his rights. (*Id.*) Plaintiff also fails to explain why he filed untimely objections to the Court's April 27, 2026 findings and recommendations.

Thus, Plaintiff's motion for reconsideration, Doc. 34, is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

UNITED STATES DISTRICT JUDGE

2