# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUDOLPH ELLIS,

Plaintiff,

v.

SANTORO, *et al.*,

Defendants.

Case No. 1:21-cv-01539-JLT-BAM (PC)

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

(ECF No. 48)

Plaintiff Rudolph Ellis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint against Defendants J. Rivera, D. Vasquez, A. Urquieta, L. Garnica, J. Ochoa, A. Flores, B. Gutierrez, and J. Jimenez for excessive force in violation of the Eighth Amendment for the force used outside the shower, after Plaintiff was pepper sprayed; against Defendant A. Flores for excessive force in violation of the Eighth Amendment for kicking Plaintiff in the scrotum; and against Defendants J. Rivera, John Doe, A. Urquieta, L. Garnica, J. Ochoa, A. Flores, B. Gutierrez, and J. Jimenez for deliberate indifference to medical care in violation of the Eighth Amendment for failure to decontaminate and assist Plaintiff after the alleged beating outside of the shower.

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on October 19, 2026. (ECF No. 48.) In support of his motion, Plaintiff asserts that because his

complaint states cognizable claims, his case has merit. Plaintiff also asserts that he is unable to investigate the facts in this case, including documentary discovery, depositions, and access to witnesses, due to his incarceration. Plaintiff additionally expects the facts to be strongly disputed. He indicates that he is not educated in law, has lost the assistance of a jailhouse lawyer, and has mental and physical issues, including an injured shoulder for which a doctor has directed him to prevent writing. He argues that cases involving staff assaults are especially difficult since the facts are almost always disputed. He further argues that medical and mental health cases frequently involve technical issues, which may require the use of expert witnesses. Further, he asserts this case involves conflicting testimony, and the complexity and difficulty in this case is far too great for him to do alone. Plaintiff has reached out to multiple attorneys without success. He is indigent and unable to afford a personal attorney. (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases alleging excessive force and deliberate indifference to medical needs filed almost daily by indigent prisoners without any legal education.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the operative complaint states cognizable claims, this does not mean Plaintiff will prevail on the merits. Defendants also have not yet responded to the complaint. The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case, including his motion for appointment of counsel, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for the appointment of counsel, (ECF No. 48), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 21, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE